Matter of DG 1096 Broadway, LLC v New York City Dept. of Hous. Preserv. & Dev. (2026 NY Slip Op 00127)

Matter of DG 1096 Broadway, LLC v New York City Dept. of Hous. Preserv. & Dev.

2026 NY Slip Op 00127

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-04867
 (Index No. 507925/23)

[*1]In the Matter of DG 1096 Broadway, LLC, appellant,
vNew York City Department of Housing Preservation & Development, respondent.

Windels Marx Lane & Mittendorf, LLP, New York, NY (Jason M. Frosch, Kacey H. Sou, and Philip M. Taylor of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation & Development dated November 16, 2022, which denied the petitioner's application for J-51 program benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 14, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, the determination dated November 16, 2022, is annulled, and the matter is remitted to the New York City Department of Housing Preservation & Development for further review of the application.
A building owned by the petitioner was converted from an existing two-story mixed-use building into a six-story condominium building. The construction occurred between February 2018 and February 2020. A temporary certificate of occupancy was issued on September 26, 2019. A final residential certificate of occupancy was issued on February 26, 2020, and the petitioner filed an application for J-51 program benefits on or about March 3, 2020. However, the petitioner's rent roll stated that occupancy of an apartment in the building was permitted beginning on or about August 1, 2019.
On November 16, 2022, the New York City Department of Housing Preservation & Development (hereinafter HPD) denied the petitioner's application on the ground that the building was occupied prior to the issuance of a certificate of occupancy in violation of the law. The petitioner commenced this proceeding pursuant to CPLR article 78, asserting that once the illegality was cured with the issuance of a certificate of occupancy on February 26, 2020, it was eligible for J-51 program benefits. In a judgment dated February 14, 2024, upon determining that the issuance of a certificate of occupancy did not cure the defect of allowing occupancy of an apartment in the building prior to the issuance of the certificate of occupancy, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Here, the facts, for the most part, are undisputed. The issue is whether the petitioner's violation of the law prior to filing its application for J-51 program benefits disqualifies it from receiving such benefits. "The J-51 program, which was authorized by Real Property Tax Law § 489, allowed property owners who completed eligible projects to receive tax exemptions and/or abatements that continued for a period of years" (Gomes v Vermyck, LLC, 238 AD3d 26, 29).
With respect to statutory interpretation, "[w]here the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If the agency's interpretation is not irrational or unreasonable, it will be upheld. . . . Conversely, when the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency, and its interpretation is therefore to be accorded much less weight. If an agency's interpretation disregard[s] the plain meaning . . . , courts will afford it little weight" (Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [internal quotation marks omitted]).
The petitioner contends that this case involves pure statutory analysis, therefore the courts need not defer to HPD with respect to statutory construction. The petitioner notes that Real Property Tax Law § 489(4), which sets forth that local law may provide that "benefits shall not become available to any multiple dwelling, building or structure . . . unless and until such multiple dwelling, building or structure as provided in paragraph (a) of subdivision one of this section complies with the applicable provisions of law" allows for the receipt of benefits once violations are cured.
HPD contends that the petitioner was not entitled to J-51 program benefits because "it had not complied with applicable laws in performing the work." HPD further contends that residential occupancy without a certificate of occupancy gives rise to safety concerns. The purpose of granting J-51 program benefits is to provide an incentive to build safe housing or "to improve and maintain . . . urban housing" (Matter of 31171 Owners Corp. v New York City Dept. of Hous. Preserv. & Dev., 190 AD2d 441, 442). Therefore, according to HPD, a violation that implicates safety concerns disqualifies an owner from receiving such benefits.
HPD failed to point to any legislative provision authorizing the exercise of discretion in determining what violations are disqualifying and not subject to cure or to any standards to apply in making such a determination. Under these circumstances, in the absence of evidence of an illegality occurring at the time the application for J-51 program benefits was made, HPD should have allowed the application to proceed (see In re 413 E. 187 Holdings LLC v New York City Dept. of Hous. Preserv. & Dev., 2023 NY Misc LEXIS 28125 [Sup Ct, Bronx County, Nov. 16, 2023, No. 812423/2022E]).
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court